**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ABDIFATAR MUKTAR MUSE,
Plaintiff,

v.

SAN DIEGO POLICE DEPARTMENT, *et al.*,
Defendants.

Case No. 26-cv-04769-BAS-GC

**ORDER:**

**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**

**(2) DENYING PLAINTIFF'S SECOND MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 7);**

**(3) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 8); AND**

**(4) SCREENING THE COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

Plaintiff Abdifatar Muktar Muse ("Plaintiff" or "Muse"), a detainee proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants used excessive force against him during an unlawful arrest. (*See* ECF No. 1.) Plaintiff has also filed two motions to proceed *in forma pauperis* ("IFP") ( ECF Nos. 2, 7), two supplements to the Complaint (ECF Nos. 3, 6), and a motion for extension of time (ECF No. 8.) As

discussed below, the Court grants Plaintiff's first IFP motion, denies the second IFP motion as moot, and denies the motion for extension of time. Further, having reviewed the Complaint and supplements, the Court dismisses most of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, but finds the allegations against Defendant Lingenhol are sufficient to state a plausible Fourth Amendment excessive force claim. The Court therefore provides Plaintiff the option to either amend his pleading in full, or to proceed with only his sufficiently pleaded claim against Defendant Lingenhol.

## I. MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit an affidavit that includes a statement of all assets they possess," as well as a "certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2) (citation modified). Using this financial information, the court assesses an initial partial filing fee which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2).

As noted above, Plaintiff has filed two IFP motions. (*See* ECF Nos. 2, 7.) Because the Court must assess Plaintiff's financial status based on the period directly preceding filing of the action, it reviews the IFP motion filed on August 19, 2026, the same day as the Complaint. (*See* ECF No. 2.) In support of this IFP motion, Muse has provided a signed copy of his prison certificate and trust account statement which reflects an average monthly balance of $0.00, average monthly deposits of $0.00, and an available account balance of $0.31. (*Id.* at 4.) Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP, ECF No. 2, and assesses no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff is required to pay the $350 balance pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

Having granted Plaintiff's initial IFP motion, the Court **DENIES as moot** his second IFP motion, filed on September 18, 2026. (ECF No. 7.)

## II. MOTION FOR EXTENSION OF TIME

On October 1, 2026, Muse filed a "Motion for Extension of Time to File." (ECF No. 8.) In it, Muse seeks an "extension date end of 2027 since [he] can't be there face to face." (*Id.*) It is unclear what precisely Plaintiff seeks an extension of time to do and at this stage in the proceedings, there is no need for Plaintiff to appear before the Court in person. Therefore, the motion for extension of time, ECF No. 8, is **DENIED** without prejudice.

## III. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B. Plaintiff's Allegations**

In his Complaint, Muse alleges that on August 3, 2025, he was "unlawfully detained" and "falsely arrested" by San Diego Police officers. (ECF No. 1 at 4, 5.) Muse was handcuffed and placed in the back seat of a police car, but he was not read his *Miranda* rights. (*Id.* at 4.) At some point during his arrest, Officer Lingenhol punched Muse "numerous times" while Muse was "handcuffed and couldn't defend [him]self [and was no] threat . . . to anyone." (*Id.*) Officer Davila Cruz then "drag[ged]" Muse out of the vehicle, after which Officers Cruz, Jackson and De Guia also "used unnecessary excessive force" against him. (*Id.*) Muse received injuries to his jaw and ribs but was not taken to the hospital. (*Id.*) While he was detained in jail, however, Muse "got [a] medical x-ray," which showed fractured ribs and bruised jaw, which required him to eat a soft food diet "for 6 to 7 months." (*Id.* at 6.)

Muse further alleges he was falsely imprisoned from August 3, 2025 to February 9, 2026, when the criminal charges against him were dismissed. (*Id.* at 5.) While in jail, Muse suffered from "mental issues" and "PTSD trauma." (*Id.*) Neither Jackson nor Davila Cruz mentioned that Lingenhol struck Muse in their reports concerning the August 3, 2025 incident. (*Id.* at 4.)

**C. Discussion**

In his Complaint, Muse names five Defendants: the San Diego Police Department ("SDPD"), Lingenhol, Davila Cruz, Jackson, and De Guia. (*Id.* at 1, 2.) He seeks relief pursuant to 42 U.S.C. § 1983, alleging Defendants used excessive force against him and caused him to be "falsely imprisoned." *Id.* at 4–5. Muse seeks money damages. *Id.* at 8.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). In addition, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976).

**1. San Diego Police Dep't**

First, as currently pleaded, Muse fails to state any claim against Defendant SDPD. Although the SDPD is a department of the city of San Diego and subject to suit as a "person" under § 1983, *see Duarte v. City of Stockton*, 60 F. 4th 566, 573 (9th Cir. 2023), "a local government [and its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To bring a § 1983 claim against the SDPD, Muse must plead that the "municipality's policy or custom caused a violation of [his] constitutional rights." *Id.* at 690. "Allegations of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) . . . show how the deficiency involved was obvious and the constitutional injury was likely to occur."

*McDaniel v. Diaz*, No. 20-cv-00856-NONE-SAB, 2020 WL 7425348, at *22 (E.D. Cal. Dec. 19, 2020) (quoting *Lucas v. City of Visalia*, No. 09-cv-1015-AWI-DLB, 2010 WL 1444667, at *4 (E.D. Cal. Apr. 12, 2010) (citation omitted); *see also Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Here, Plaintiff alleges no facts suggesting the City of San Diego has a policy or custom using excessive force or falsely imprisoning arrestees. As such, he has failed to state a claim against Defendant San Diego Police Department. *See Iqbal*, 556 U.S. at 678; 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**2. Excessive Force**

Muse alleges Defendants Lingenhol, Davila Cruz, Jackson and De Guia used excessive force against him. (ECF No. 1 at 4.) While Muse references both the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's proscription against cruel and unusual punishment as the constitutional bases for his claim, *see id.* at 4– 5, because Muse alleges the excessive force took place during his arrest, the Court liberally construes the claim under Fourth Amendment standard. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."); *see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction.").

A Fourth Amendment excessive force claim is analyzed under the "objective reasonableness" standard. *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 921 (9th Cir. 2001) (citing *Graham*, 490 U.S. at 388). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

First, as to Defendant Lingenhol, Muse alleges Lingenhol "punched [him] numerous times while [Muse was] handcuffed and could not defend [himself] and was [no] threat . . . to anyone." (ECF No. 1 at 4.) Taken as true, the Court finds Plaintiff's allegations against

Lingenhol are sufficient to meet the low threshold required to state a plausible Fourth Amendment excessive force claim against him. *See Lopez v. Clous*, No. 13-cv-3870-CRB (PR), 2014 WL 4131839, at *4 (N.D. Cal. Aug. 21, 2014) (concluding a reasonable jury could find defendants used excessive force when they kicked and punched the plaintiff while he was handcuffed and on the ground); *Lawson v. Youngblood*, No. 09-cv-00992-MJS PC, 2011 WL 826353, at *4 (E.D. Cal. Mar. 3, 2011) (finding allegation that officer used excessive force when he pushed the plaintiff, who was restrained at the ankle, waist and wrists, from behind causing him to fall to the ground sufficient to state a plausible claim).

As to the three remaining individual Defendants, however, Muse has failed to state a claim as currently pleaded. In his Complaint, Muse states that Davila Cruz, De Guia and Jackson "used unnecessary excessive force" against him, *see* ECF No. 1 at 4, but he fails to provide any specific facts as to what actions any of these defendants took which purportedly amounted to excessive force. Plaintiff's conclusory allegations are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (2009) (stating that "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting the plausibility standard required for stating a claim). Therefore, Muse fails to state an excessive force claim against Davila Cruz, De Guia and Jackson.

In sum, the Court finds Plaintiff has stated a plausible Fourth Amendment excessive force claim against Defendant Lindenhol, but has failed to do so as to any other Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**3. False Arrest and Imprisonment**

Muse also alleges he was subject to "false imprisonment" during the six months he was detained after his "false arrest." (ECF No. 1 at 5.)

A claim for false arrest is "cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists if, at the moment of arrest, 'under the totality of the circumstances known to the arresting

officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1121 (D. Nev. 2011) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

Muse has not alleged a pausible claim for false arrest as to any Defendant. He asserts that Defendants "unlawfully detained" and questioned him without reading him his *Miranda* rights. (ECF No. 1 at 4.) And it appears that at some point thereafter he was arrested. But Plaintiff does not explain what he was arrested for or why Defendants had no lawful basis to arrest him. (*See id.* at 4–6.) Plaintiff has therefore failed to state a claim for false arrest against any Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

Muse also fails to state a claim for false imprisonment. Under California law, false arrest is the same tort as false imprisonment. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (noting false arrest is "one way of committing a false imprisonment") (quoting *Collins v. City & Cnty. of San Francisco*, 50 Cal. App. 3d 671, 673 (1975)). Because false arrest and false imprisonment are the same tort under California law and Plaintiff has failed to state false arrest claim for the reasons discussed above, he has also failed to state a false imprisonment claim as to any Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**D. Plaintiff's Options**

In sum, having conducted *sua sponte* screening of the Complaint, the Court finds Plaintiff has plausibly alleged a Fourth Amendment excessive force claim against Defendant Lingenhol.

Plaintiff, however, has failed to state an excessive force claim against Defendants Davila Cruz, Jackson and De Guia as currently pleaded. Muse also fails to state any claim against Defendant SDPD, and fails to state a claim of false arrest or false imprisonment against any Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

Therefore, the Court **GRANTS Plaintiff the option to either: (1) proceed with his Fourth Amendment excessive force claim against Defendant Lingenhol only OR (2)**

**file an amended complaint that addresses the pleading deficiencies the Court has identified above**. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

Plaintiff must choose one of the above options **within forty-five (45) days** from the date this Order is filed. If Plaintiff notifies the Court he wishes to proceed only with his Fourth Amendment excessive force claim against Defendant Lingenhol, the Court will issue an order directing the Clerk to issue the summons and the U.S. Marshal to effect service of the summons and complaint on Defendant Lingenhol. However, all other claims as currently alleged against all other Defendants will be dismissed from this action without further leave to amend. Should Plaintiff elect to file an amended complaint, that pleading will be subject to another preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) before the Court determines whether U.S. Marshal Service upon any defendant is warranted.

## IV. CONCLUSION

For reasons discussed above, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DENIES** Plaintiff's second IFP motion (ECF No. 7) as moot.

(2) **DENIES** Plaintiff's Motion for an Extension of Time (ECF No. 8).

(3) **ORDERS** the Facility Commander of the San Diego County Central Jail, or his designee, to garnish from Plaintiff's trust account the full $350 filing fee owed for this case and to forward monthly payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

(4) **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

(5) **DISMISSES** all claims against Defendants San Diego Police Department, Davila Cruz, Jackson and De Guia for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(6) **DISMISSES** Plaintiff's false arrest and false imprisonment claims against Defendant Lingenhol for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(7) **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order to file either: (a) a Notice of Intent to proceed with Fourth Amendment excessive force claim against Defendant Lingenhol only; OR (b) an Amended Complaint which cures the pleading deficiencies noted above.

If Plaintiff chooses to proceed with his Fourth Amendment excessive force claim against Defendant Lingenhol, the Court will issue an Order directing the U.S. Marshal to effect service of the Complaint on Defendant Lingenhol and dismiss Plaintiff's remaining claims and Defendants San Diego Police Department, Davila Cruz, Jackson and De Guia.

If Plaintiff chooses to file an amended pleading correcting the deficiencies outlined in this Order, his amended complaint must be complete in itself, without reference to the original pleading. Any claims not re-alleged in the amended complaint will be considered waived. *See Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

**DATED: October 30, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**